J-S32025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARIANNA D. BROWN | : | |
| | : | |
| Appellant | : | No. 406 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000799-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARIANNA DESIREE BROWN | : | |
| | : | |
| Appellant | : | No. 407 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003398-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: DECEMBER 5, 2023**

Arianna Desiree Brown appeals from the judgment of sentence imposed following revocation of her probation for technical violations. Upon review, we affirm in part and vacate in part.

Briefly, Brown was serving probation sentences for involvement in two unrelated crimes, a 2017 burglary, 799 CR 2018, and 2020 arson 3398 CR 2020. The burglary took place in November 2017, when Brown, along with

two other individuals, broke into their neighbor's apartment and stole a 50-inch TV, Playstation-4, cell phones, vacuum cleaner, air conditioner, and furniture. After the victim reported the break in, the police called Brown in for questioning. She told the police what transpired and admitted her involvement. Brown was arrested.

> On March 15, 2019, [Brown] pled guilty to burglary and criminal conspiracy to commit burglary.[1] The applicable sentencing guidelines for burglary, a felony of the 1st degree, provided for a standard range of six (6) to fourteen (14) months, with a mitigated range to probation and an aggravated range to twenty (20) months. For criminal conspiracy, also a felony of the 1st degree, the standard range was three (3) to twelve (12) months, with a mitigated range to probation and an aggravated range to eighteen (18) months. [The court] immediately imposed terms of two (2) years of Intermediate Punishment [("IP")] at each count [concurrent], within the mitigated range of the guidelines.

VOP Court Opinion, 3/23/23, at 1 (excessive capitalization omitted).

The arson charges arose on February 13, 2020, while Brown was still serving her IP sentences imposed in the burglary case. Brown flicked her cigarette ashes in a partially full bathroom trashcan in the duplex where she lived but accidentally dropped the whole cigarette in it. It caught on fire and got out of control. Instead of going to a neighbor's to call 911, Brown left and went to a store to call 911. When she returned, the building was on fire. Brown was arrested.

---

[1] 18 Pa.C.S.A. §§3502 (a)(2) and 903.

On November 4, 2021, [Brown] pled guilty to arson and causing or risking catastrophe.[2]  The applicable sentencing guidelines for arson, a misdemeanor of the 1st degree, provided for a standard range of three (3) to fourteen (14) months, with a mitigated range to probation and an aggravated range to seventeen (17) months. For causing or risking catastrophe, a felony of the 3rd degree, the standard range was six (6) to sixteen (16) months, with a mitigated range to three (3) months and an aggravated range to nineteen (19) months.  [The court] immediately imposed a term of not less than eleven and one-half (11 1/2) nor more than twenty-three (23) months in Dauphin County Prison for arson, a sentence within the standard range, and five (5) years of consecutive probation for causing or risking catastrophe, a sentence outside the guidelines below the mitigated range. [Brown was immediately paroled.]

On the same date as the guilty plea and sentencing [in the arson case], we also found [Brown] in violation of her [IP] in the burglary case].  We resentenced her for burglary to five (5) years of probation and imposed no sentence for criminal conspiracy.

On May 24, 2022, we issued a bench warrant for [Brown] based upon alleged violations of probation.  The warrant was served upon [Brown] on July 1, 2022 [and she was taken to jail]. [Brown] was scheduled for revocation hearings in each of the ensuing five (5) months, July, August, September, October, and November, and each time she refused to leave her [jail] cell at Dauphin County Prison and attend those hearings.  On December 22, 2022, the sixth (6th) scheduled revocation hearing, [Brown] once again failed to attend.  While no evidence was presented at that time attributing [Brown's] absence to her refusal, [Brown's] counsel informed the court that [Brown] refused to leave her cell to meet with her the previous day.  Accordingly, we determined it appropriate to proceed with the hearing *in absentia*.

Prior to imposing sentence, we noted that we had the benefit of a Presentence Investigation Report (PSI) and that [Brown] had participated in its preparation.  The PSI was made part of the record.  [In the burglary case], on the sole remaining count of

---

[2] 18 Pa.C.S.A. §§ 3301(e) and 3302(b).

burglary, we imposed a term of incarceration of not less than four (4) nor more than twenty (20) years in a state correctional institution. [In the arson case], we declined to revoke [Brown's] parole for arson and closed that count. However, at the second count, causing or risking catastrophe, we resentenced [Brown] to five (5) years of probation to be served consecutively to the incarceration sentence imposed [in the burglary case].

On January 20, 2023, [Brown] filed a [petition to file a post-sentence motion *nunc pro tunc*]. We granted that [m]otion on January 23, 2023. [Brown] then filed a timely [post-sentence motion *nunc pro tunc*] on January 27, 2023, requesting a new revocation hearing at which [Brown] would be present. On January 31, 2023, we granted [Brown's] request, vacated the sentence imposed on December 22, 2022, and scheduled a new revocation hearing.

On February 17, 2023, [Brown] appeared for the revocation hearing and was represented by counsel. We heard testimony from [Brown's] Probation Officer regarding the following alleged violations of her probation:

a) [Brown] violated Condition Five (5), by failing to attend and successfully complete treatment. Specifically, [Brown] was enrolled in treatment with Pennsylvania Counseling Services and Mazzitti & Sullivan but failed to follow through with either program.

b) [Brown] violated Condition Nine (9), by failing to notify her Probation Officer of a change of address. Specially, [Brown's] Probation Officer went to her approved address on May 11, 2022, and learned that [she] had left that residence approximately one (1) month before and had not returned.

c) [Brown] violated Condition Ten (10), by failing to report to the Probation Office as scheduled. [Brown] failed to report as scheduled on April 14, 2022, and May 5, 2022.

d) [Brown] violated the special condition that she comply with all recommended mental health treatment. Specifically, although [Brown] participated in an intake meeting with TEAMCare, she neglected to follow through with the prescribed treatment. Furthermore, following hospitalizations in February and March of 2022, [Brown] was released with the recommendation to participate in a

> > partial hospitalization program. She failed to attend any such program; and
> >
> > e) [Brown] violated the special condition that she reside only at her mother's residence.
>
> We, once again, made the PSI part of the record. [Brown] was afforded the opportunity to speak and only chose to address her failure to appear at the previous revocation hearings. We then imposed the same exact sentence as had been imposed on December 22, 2022.

VOP Court Opinion, 3/23/23, at 1-4 (footnotes and citations omitted).

Brown filed another post-sentence motion, which the VOP court denied.

Brown filed these timely appeals.[3] Brown and the court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Brown raises the following three issues:

> I. Whether the [VOP] court abused its discretion when it sentenced [] Brown to a period of total incarceration [] of 4-20 years [in the burglary case] when [] Brown committed no new crime, her violations were technical, she was unlikely to commit a new crime, and such action was unnecessary to vindicate the [c]ourt's authority.
>
> II. Whether the [VOP] court abused its discretion in fixing the period of incarceration at 4-20 years [in the burglary case], when the [VOP] court fixed a statutory maximum period of parole or incarceration when this period of incarceration is excessive and unreasonable considering her rehabilitative needs.
>
> III. Whether the [VOP] court abused its discretion when it imposed a consecutive period of probation [in the arson case], after a maximum period of either incarceration or parole affixed [in the burglary case] when [] [Brown's] rehabilitative needs and society's interest in punishment could be accomplished by the sentence [in the burglary case].

_____

[3] Upon Brown's unopposed application, we consolidated her appeals.

Brown's Brief at 7.

Brown challenges the discretionary aspects of the sentence imposed after her probation was revoked. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). Before reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [by failing to include a Pa.R.A.P. 2119(f) statement]; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [see] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citation and brackets omitted).

Here, Brown satisfied the first three requirements under *Moury*. Accordingly, we must determine whether she raised a substantial question.

In her Rule 2119(f) statement, Brown first claims that the trial court abused its discretion by imposing a sentence of total confinement following revocation of probation solely based on technical violations. Brown's Brief at 19. The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" raising a

substantial question. ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (claim that particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that this Court should review).

Brown also claims that the court abused its discretion and did not adequately consider her rehabilitative needs when it imposed an excessive sentence of 4 to 20 years' incarceration in the burglary case and a consecutive 5-year period of probation in the arson case without considering her mental health issues.  Brown's Brief at 19-20.  "[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*).

Lastly, Brown claims that the court abused its discretion by imposing a consecutive sentence of probation which was excessive.  A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010).  However, this Court has held that a challenge to the excessiveness of consecutive sentences imposed following revocation of probation, together with a claim that a trial court failed to consider rehabilitative needs and mitigating factors upon fashioning the sentence, presents a substantial question. ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015).

Therefore, we will address Brown's sentencing claims.

This Court has stated:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (quotations and citations omitted).

When imposing a probation revocation sentence, the trial court must follow the general principle that the sentence be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1040–1041 (Pa. Super. 2013). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282–1283.

Brown first claims that the VOP court abused its discretion when it imposed an excessive sentence of total confinement based only on technical violations. Specifically, Brown argues that she did not commit a new crime; there were insufficient grounds to demonstrate that she was likely to commit a new crime; or that incarceration was necessary to vindicate the court's authority. Instead, she maintains that her violations, which amounted to failure to report and an inability to adjust to mental health treatment, were related to her ongoing mental health and not an extension of her underlying crimes. Brown's Brief at 23-24. As such, Brown claims that the court should not have imposed a sentence of total confinement.

We have held that, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a

resistance] to reform." ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa. Super. 2007). However, we have rejected lengthy incarceration sentences imposed solely based upon technical violations of probation on grounds of unreasonableness. ***Commonwealth v. Williams***, 69 A.3d 735 (Pa. Super. 2013); ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003). Given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

Here, the VOP court based its sentence of total confinement on the likelihood that Brown would commit a new crime and strongly disagreed with Brown's "bald claim" that she was unlikely to do so. VOP Court Opinion, 3/23/23, at 8. The court explained:

> This is not a case where [Brown] incurred very minor violations but otherwise demonstrated her amenability to probation supervision and the efficacy of that form of supervision for her rehabilitative needs. She failed to successfully engage in the most important aspects of her rehabilitation. She failed to attend counseling at two (2) different providers. She failed to live where she was directed to live. She failed to keep her probation officer informed of her whereabouts. She failed to attend to her mental health treatment. She failed to report to her Probation Officer. We believe [Brown's] violations are at least as flagrant as those discussed [] in [***Commonwealth v. Capellini***, 650 A.2d 1220 (Pa. Super. 1997)] and are at least as indicative of an inability to reform.
>
> Furthermore, [Brown's] claim that this abysmal adjustment to probation supervision does not evidence a likeliness to commit a new crime is curious considering her own history. [Brown] would presumably have us examine her case in a vacuum limited to only those violations that were before the [c]ourt on February 17, 2023. However, understanding [Brown's] rehabilitative needs

- 10 -

requires us to dig deeper than the immediate present. It only requires a glance into the very recent past to see that this was not [Brown's] first time being revoked [in the burglary case], and that she had committed the crimes [in the arson case] while being supervised on [IP]. . . . [W]e find it likely that [Brown's] inability to conform to probation would lead to the commission of new criminal offenses, as it did previously.

*Id.* at 8-9.

Given this explanation, we conclude that the VOP court did not abuse its discretion in sentencing Brown to total confinement after revocation of her probation. The court provided logical reasons for its finding that Brown's conduct indicated she was likely to commit another crime if not incarcerated.

Additionally, the court had a PSI, which it noted and made part of the record. Although the court did not reference anything specifically from the PSI, we observe that the report indicated Brown's risk for recidivism was high. It also indicated that her criminal attitudes/behavior patterns were moderate. These findings support the court's conclusion that Brown was likely to reoffend.

Brown argues, however, that to impose a sentence of total incarceration based solely on technical violations, there must be a relationship between the probation violation and the underlying crime, *i.e.*, likelihood of committing the same type of offense, or the violations show the defendant does not care to follow any court conditions. Brown's Brief at 27. For support, Brown cites ***Cappellini supra***. There, the defendant pled guilty to various drug offenses. Following revocation of probation, the court imposed a sentence of incarceration. On appeal, this Court agreed that the defendant's continued

- 11 -

drug use, his claim he was drug free, combined with his resistance to treatment and supervision, was sufficient to find that, unless incarcerated, the defendant would likely commit another crime. *Cappellini*, 690 A.2d at 1225.

We agree that the court may consider the relationship between the probation violation and the underlying offense when imposing a VOP sentence. However, there is no absolute rule that the technical violations must relate back to the underlying crimes, as Brown claims, for the court to impose a sentence of total confinement. Rather, the Legislature set forth the bases for doing so. *See* 42 Pa.C.S.A. § 9771(c). Here, as noted above, the VOP court articulated a logical and proper basis for sentencing Brown to a term of total confinement. Furthermore, Brown demonstrated that she does not care to follow the court's conditions. We, therefore, conclude that the court did not abuse its discretion when it sentenced Brown to a term of total confinement.

In her second issue, Brown claims that the VOP court abused its discretion, when it imposed a sentence of 4-20 years' incarceration as unduly excessive, given the nature of her violations and her mental health issues. Brown's Brief at 31. Although she acknowledges that the court could have imposed a sentence of 10 to 20 years for the burglary alone, Brown argues that the leap from a mitigated range sentence to a minimum sentence of 4 years' incarceration, for only technical violations, was excessive. *Id.* at 31-32. Additionally, Brown maintains that imposition of the statutory maximum was likewise excessive. *Id.* at 34-35.

Regarding the minimum sentence imposed following revocation, the VOP court explained that Brown's claim:

> fails to account for the severity of [her] offenses and the applicable sentencing guidelines. [Brown] was convicted of two (2) [first degree felonies, a third-degree felony, and a first-degree misdemeanor]. Burglary, arson, and risking catastrophe are all crimes of victimization which carry a significant safety risk to individuals and the community. If we had merely sentenced [Brown] within the standard range of the sentencing guidelines we could have imposed a minimum term of incarceration of fifty-six (56) months. This would have been eight (8) months more than the term ultimately imposed.
>
> We do not believe it unfair to [Brown] to consider all the charges of which she was convicted rather than merely the charges on which we resentenced her on February 17, 2023. It is not as if [Brown] successfully served her sentences at the conspiracy and arson counts. We chose to impose no further sentence for conspiracy at the [VOP hearing] on November 4, 2021, and we chose to close the arson count rather than recommit [Brown] for the unexpired portion of that sentence [at the revocation hearing on February 17, 2023, ultimately]. We demonstrated mercy, as we did when we imposed mitigated range sentences [in the burglary case].

VOP Court Opinion, 3/23/23, at 9 (footnote omitted) (excessive capitalization omitted). The court noted that "[a]lthough the sentencing guidelines are not applicable to sentences imposed following the revocation of probation, *Commonwealth v. Fish*, 752 A.2d 921, 924 (Pa. Super. 2000), we believe they are relevant to demonstrate the reasonableness of the sentences imposed relative to what could have been-imposed at the initial sentencing."[4]

*Id.*

---

[4] We observe that this is no longer the case in light of the recently enacted Resentencing Guidelines. See discussion *infra*.

- 13 -

Given the VOP court's rationale for Brown's minimum sentence, we conclude that it did not abuse its discretion. Notably, 4 years' incarceration is well below the 10-year sentence she could have received for the burglary. Further, considering Brown's likelihood of recidivism, the court's escalation of sanctions was not unreasonable. And although Brown's minimum sentence was harsher than she desired, "[a court] does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere the conditions imposed on [them]." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012). We, therefore, conclude that the VOP court did not abuse its discretion when it imposed Brown's minimum sentence.

Regarding Brown's maximum sentence, the VOP court noted that the maximum sentence for burglary was 20 years. The maximum sentence for causing or risking catastrophe was 7 years. As such, the court emphasized that Brown's sentence of 20 years did not exceed what it originally could have imposed. VOP Court Opinion, 3/23/23, at 7.

However, we observe that, other than noting what it could have imposed, the VOP court did not explain its reason for imposing a 20-year maximum sentence. It simply imposed the maximum without consideration of anything more. While we recognize that Brown did not raise an issue regarding the court's failure to specify on the record its reasons for doing so, the court's lack of explanation hampers our understanding, and therefore our review, of why it imposed such a lengthy sentence.

Notwithstanding this, we acknowledge that the VOP court could have imposed a total maximum sentence of 27 years, but it imposed a 20-year maximum sentence. Although this is below the aggregate maximum, it is still a very substantial sentence. This is particularly so given that the court failed to identify any relevant factors. *See Parlante supra*.

As noted above, the VOP court had a PSI. As such, we typically "presume that the [] court was aware of relevant information regarding [appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Bonner*, 135 A.3d 592, 605 (Pa. Super. 2016), *appeal denied*, 145 A.3d 161 (Pa. 2016). However, although the VOP court referenced the report at the hearing, it did not comment on anything contained in it or seemingly consider any of the information about Brown's background indicated therein. The court did not mention Brown's age, terrible childhood, history of trauma, lack of education, the nonviolent nature of her crimes, or most critically, Brown's mental health issues.

The PSI indicated that Brown was diagnosed with bi-polar disorder, anxiety, and depression. She received SSD for her bi-polar disorder, demonstrating that it is significant. The PSI also indicated that Brown does not take her medication correctly or consistently. The PSI recommended that she have an updated mental health evaluation. Despite this information, the VOP court failed to address any of it in relation to Brown's violations or her rehabilitative needs.

The VOP court's failure to consider and address this significant mitigating factor in any way, along with other factors, when it resentenced Brown, fails to comply with our goal of individualized sentencing. This is further compounded by the court's failure to provide any reason for the substantial maximum sentence. We therefore find that Brown's maximum sentence was unreasonable. *See Parlante*, 823 A.2d at 930-31. As such, we conclude that the VOP court's imposition of a 20-year statutory maximum sentence constituted an abuse of discretion. Although our review is highly deferential, the circumstances of this case preclude us from deferring to the VOP court and require us to remand for resentencing.

In her third issue, Brown claims that the VOP court's consecutive sentence of probation imposed in the arson case was excessive. Brown argues that, by imposing this sentence on top of a maximum period of incarceration or parole in the burglary case, the VOP court crafted a supervision scheme of 25 years, which would subject her to supervision into her fifties. Brown maintains that this is not warranted because any rehabilitation would be accomplished by the 20-year sentence. Thus, according to Brown, such a sentencing scheme constitutes too severe a punishment. Brown's Brief at 35-37.

In imposing this sentence, the VOP court explained that it was hopeful that the sentence in the burglary case would serve Brown well and rehabilitate her. However, because the court was uncertain if she would be paroled, it did

not want her to be released from her 20-year sentence to the street without any type of supervision. VOP Court Opinion, 3/23/23, at 10.

Initially, we observe that the recently enacted Resentencing Guidelines, 204 Pa. Code §§ 307.1-307.4, apply to Brown's probation revocation in the arson case.[5] In relevant part, they provide:

> (a)   For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines . . . with consideration given to any service of the original sentence.

*Id.* at § 307.3

Here, the initial guidelines for causing or risking catastrophe were: a mitigated range up to three (3) months; a standard range six (6) to sixteen (16) months; and aggravated range up to nineteen (19) months of incarceration. Thus, the five-year sentence of probation fell within the initial guidelines and, therefore, was consistent with the Resentencing Guidelines.

Regarding the consecutive nature of this sentence, we have long held that a sentencing court has broad discretion as to whether a defendant serves sentences consecutively or concurrently. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014).

Here, the court's desire that Brown have supervision if she is not paroled is logical to ensure that she can manage being in society after potentially being incarcerated for so long. Nevertheless, we conclude that this consecutive

---

[5] The Resentencing Guidelines apply to revocation of probation for offenses committed on or after January 1, 2020.

sentence following the lengthy maximum sentence imposed in the burglary case is excessive. As Brown argues, she will be subjected to supervision into her fifties. However, if on remand, a lesser maximum sentence is imposed in the burglary case, a consecutive sentence of probation may not be unreasonable depending on its duration.

Having found that Brown's sentence, in part, was manifestly excessive, we conclude that it constituted an abuse of discretion. We therefore remand this matter for resentencing.

Judgment of sentence affirmed in part and vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judge Dubow and Judge Nichols concur in result.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/5/2023</u>